(Decided 27th June, 1878.)

---

JOHN M. GANTT, MARY W. TURTON and HENRY F. TURTON, her husband *vs.* JOSEPH J. GRINDALL, MARY McC. GENT and JOSHUA G. GENT, her husband.

*When a Sale of the mortgaged premises by the Assignee of the Mortgage, should be restrained—When such Sale should not be restrained—Bona fide Purchaser of Mortgage without notice of the payment of Usury.*

J. M. G. and sister mortgaged their farm to B. C. to secure a loan. On the death of B. C., the mortgage and mortgage debt were assigned by his administratrix to his daughter, who in turn, for value, assigned the same to J. J. G. Upon the advertisement of said farm for sale under the mortgage by J. J. G., a bill for an injunction to restrain the sale was filed by the mortgagors on the ground that the mortgage debt and interest had been paid. The injunction was issued and testimony taken. It appeared that the alleged payment of the mortgage debt and interest consisted in part of

certain bonuses or usurious interest of which the evidence failed to show that J. J. G. had notice. The injunction was dissolved, and the bill dismissed. On appeal it was HELD:

1st. That if the assignee J. J. G. had had notice, and the excessive interest paid, together with the payments actually made on account of the mortgage debt, had amounted to a sum equal to, or greater than, the debt itself, the complainants would have been entitled to an injunction.

2nd. That as the assignee was a *bona fide* purchaser, without notice of the payment of usury by J. M. G. to the mortgagee, the complainants were not entitled to have the sale restrained.

APPEAL from the Circuit Court for Anne Arundel County, in Equity.

On the 2nd of February, 1864, John M. Gantt and his sister, Mary W. Gantt, (who afterward intermarried with Henry F. Turton,) executed a mortgage of certain land lying in Anne Arundel County, to Burlington Carlisle to secure the payment of a loan of two thousand dollars. In February, 1869, the mortgagee died, and in March, 1870, his daughter Mary McC. Carlisle, who afterward intermarried with Joshua G. Gent, received an assignment of the mortgage and mortgage debt from her father's administratrix, in the distribution of his personal estate. In March, 1877, Mary McC. Gent and her husband, for value, assigned said mortgage and mortgage debt to Joseph J. Grindall. Shortly thereafter Grindall advertised the mortgaged premises for sale. Thereupon the appellants filed their bill praying for an injunction to restrain all proceedings against the complainants or their property, and for an account of the mortgage indebtedness, on the ground that the whole mortgage debt and interest had been paid. The preliminary injunction was granted, and a commission was issued to take testimony. It appeared that the alleged payment of the mortgage debt and interest consisted in part of certain bonuses or usurious interest of which the evidence failed to show that Grindall had

notice. The injunction was accordingly dissolved and the bill dismissed. From the decree dissolving the injunction and dismissing their bill, the complainants appealed.

The cause was argued before BARTOL, C. J., STEWART, BRENT and ROBINSON, J.

*J. Wirt Randall* and *J. Q. A. Jones*, for the appellants.

Over-payments of interest, bonuses, &c., are to be credited upon the principal of the mortgage debt, and are properly considered as reducing the amount of it due at any given time. *Banks vs. McClellan*, 24 *Md.*, 82–3; *Scott vs. Leary*, 34 *Md.*, 389; *Balt. Perm. Build. Soc. vs. Taylor*, 41 *Md.*, 409; *Birmingham vs. Md. Land Asso.*, 45 *Md.*, 542.

All that is required of the mortgagor admitting a balance due under the mortgage, to entitle him to the intervention of a Court of equity restraining a sale, is to pay or bring into Court to be paid the principal and interest due; and part payment would entitle him to a stay *pro tanto*. *Powell vs. Hopkins*, 38 *Md.*, 1; *Walker vs. Cockey*, 38 *Md.*, 75; *Hill vs. Reifsnider*, 39 *Md.*, 433; *Eq. Mut. Build. Asso. vs. Becker*, 45 *Md.*, 632; *Gwyn vs. Lee*, 9 *Gill*, 137; *Baugher vs. Nelson*, 9 *Gill*, 299, (307;) *Jordan vs. Trumbo*, 6 *G. & J.*, 105.

In this case, as a matter of fact, the complainants whilst denying any balance of the mortgage debt to be due, tender themselves ready and willing to pay whatever balance may be found to be actually due. This the Courts construe as an actual tender. *Thomas vs. Doub*, 8 *Gill*, 12.

When the application for relief is predicated upon the averment that *nothing is due*, or that the mortgagee has *already received more than his due*, no tender should be required; for as the Court of Appeals said in *Thomas vs. Doub*, where the debtor claimed he had paid the debt— "If he is to pay down the actual principal and interest of

the debt, that is, in fact, to pay the debt over again, before he can even ask for relief, the doors of Chancery are closed upon him. It is a denial of all relief." *Thomas vs. Doub,* 8 *Gill,* 11, 12 ; *Doub vs. Barnes,* 1 *Md. Ch.,* 141.

*M. Bannon,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

Whatever conflict there may be in the testimony in regard to the payment of usury at the time the loan was made, there is none in regard to the fact that usury was paid by the mortgagor John M. Gantt, to the mortgagee and his administratrix from year to year as forbearance money.

But the Code provides that the plea of usury shall not be available against a *bona fide* assignee without notice of such usury.

Here Grindall the appellee is an assignee, and he says in his testimony that he had no knowledge whatever of the payment of usury by the appellant Gantt, at the time the loan was made, or of the subsequent payments by him of forbearance money.

Whatever suspicious circumstances there may be surrounding the purchase and assignment of the mortgage to Grindall, they are not sufficient in the face of his sworn denial to prove notice either actual or constructive on his part of the payment of usurious interest to his assignors.

If, however, he had been an assignee with notice and the excessive interest paid, together with the payments actually made on account of the mortgage debt, had amounted to a sum equal to, or greater than the debt itself, we do not agree with the Court below, that, even under such circumstances the appellants would not have been entitled to an injunction.

We have decided under sec. 15, Art 64 of the Code, that the mere payment of usury will not entitle the mort-

gagor to an injunction to restrain the sale of the mortgaged property upon default of payment of the mortgage. debt, because he may come into Court upon the report of the sale and claim an allowance for the usurious interest paid. But where it appears that the excessive interest and the payments made on the debt itself are equal to, or greater than the debt, the mortgagee would have no right to sell the property, because in law there is nothing due to him by the mortgagor. A Court of equity would not, of course, allow a mortgagee to sell when it appeared that the whole proceeds of sale belonged to the mortgagor.

We affirm the decree however on the ground that Grindall is a *bona fide* purchaser without notice of the payment of usury by the appellant Gantt to the mortgagee.

*Decree affirmed, and*
*bill dismissed.*

(Decided 27th June, 1878.)